■ SHEILA LEFFLER et al., Appellants, v MICHAEL FELD, M.D., Respondent. [856 NYS2d 106]—

Order, Supreme Court, Bronx County (Edgar Walker, J.), entered June 12, 2007, which granted defendant's motion for a *Frye* hearing, unanimously affirmed, without costs. Order, same court and Justice, entered July 18, 2007, which, after the *Frye* hearing, precluded the testimony of plaintiffs' expert, unanimously reversed, on the law, without costs, and defendant's motion to preclude denied.

The court correctly concluded that the theory of causation in this medical malpractice action was a novel one (*see Frye v United States*, 293 F 1013 [DC Cir 1923]) and thus warranted a *Frye* hearing (*see Zito v Zabarsky*, 28 AD3d 42, 44 [2006]). However, the court erred in concluding that plaintiffs failed to establish that there is general acceptance in the medical community of a causal link between Altace and the development of pemphigus vulgaris. The medical literature cited by plaintiffs' expert, which included a Food and Drug Administration mandate that pemphigus be added to the manufacturer's list of adverse reactions to Altace, supported his theory that Altace can cause pemphigus, thus satisfying the *Frye* standard (*see Zito*, 28 AD3d at 45-46; *DieJoia v Gacioch*, 42 AD3d 977, 978-980 [2007]; *Marsh v Smyth*, 12 AD3d 307 [2004]). Concur—Lippman, P.J., Gonzalez, Moskowitz and Acosta, JJ.