■ MELISSA FELDMAN, Appellant, v SUSAN M. LEVINE, M.D., Respondent. [935 NYS2d 12]—

The oncological issues presented by the competing causation experts, namely, the estimation of the rate of progression of decedent's cancer, do not involve the type of novel scientific methodology contemplated for a *Frye* hearing (*see Frye v United States*, 293 F 1013 [DC Cir 1923]). Rather, the experts' disagreement as to whether decedent's lung cancer was present and could have been diagnosed during her treatment with defendant prior to her diagnosis of stage IV lung cancer, was a jury issue (*see Marsh v Smyth*, 12 AD3d 307 [2004]). Moreover, the medical literature cited by plaintiff supported the methodology used by her expert to estimate the progression of decedent's cancer (*see Leffler v Feld*, 51 AD3d 410 [2008]).

Accordingly, defendant's motion for judgment notwithstanding the verdict should have been denied. It cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Here, there is evidence from which the jury reasonably could have concluded that the delay in diagnosis and treatment of the decedent's lung cancer caused her pain and suffering, diminished her chance of survival and hastened her death (*see Schaub v Cooper*, 34 AD3d 268 [2006]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.