■ KATHERINE SEITZ, Appellant, v TJX COMPANIES, INC., Respondent. [990 NYS2d 233]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated December 20, 2012, which, upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured when a fluorescent bulb fell from its soffit in a store owned by the defendant. The plaintiff commenced this action, alleging that she sustained personal injuries due to the defendant's negligence, and the case proceeded to trial on the issue of liability. At the close of the plaintiff's case, the Supreme Court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant (see Godlewska v Niznikiewicz, 8 AD3d 430 [2004]; Lyons v McCauley, 252 AD2d 516, 517 [1998]; Farrukh v Board of Educ. of City of N.Y., 227 AD2d 440, 441 [1996]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can be reasonably drawn therefrom (see Wong v Tang, 2 AD3d 840 [2003]; Farrukh v Board of Educ. of City of N.Y., 227 AD2d 440 [1996]).

Here, the defendant demonstrated that there was no rational basis by which the jury could find for the plaintiff and against it. The defendant demonstrated that any determination as to what caused the plaintiff's injuries would be based on speculation (see Bernstein v City of New York, 69 NY2d 1020 [1987]; Bitterman v Grotyohann, 295 AD2d 383 [2002]; Teplitskaya v 3096 Owners Corp., 289 AD2d 477 [2001]). Also, the plaintiff did not present sufficient evidence for the jury to conclude that there was a dangerous condition or, in any event, that the defendant had notice of any dangerous condition regarding the light fixture or the bulb. The jury could not have rationally concluded from the testimony of the plaintiff and the defendant's representative that there was a dangerous condition or, in any event, that the defendant had notice of any dangerous condition that caused the plaintiff's injuries (see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion pursuant CPLR 4401 for judgment as a matter of law dismissing the complaint. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.