■ ADELEI PADILLA, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. [990 NYS2d 207]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 21, 2013, which, after a jury verdict in plaintiff's favor, granted so much of defendants' posttrial motion as sought to set aside the jury's verdict, and dismissed the complaint, unanimously reversed, on the law, without costs, and defendants' motion granted only to the extent of remanding the matter for a new trial on the issue of damages for past pain and suffering, unless plaintiff stipulates, within 30 days after service of this order, with notice of entry, to reduce the award for past pain and suffering from $800,000 to of $225,000.

Plaintiff alleges that defendant doctor committed malpractice during a laparoscopic cholecystectomy, i.e. gall bladder removal surgery. Defendants' motion to set aside the verdict and dismiss the complaint should have been denied. The experts' disagreement as to whether the injury to the right common iliac artery, based upon its location in the body, was an accepted complication of the surgery, was a jury issue (*see Feldman v Levine*, 90 AD3d 477 [1st Dept 2011]). It cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Defendants, however, persuasively argue that a total award of $800,000 for plaintiff's past pain and suffering is excessive and deviates from what is reasonable compensation under the circumstances (CPLR 5501 [c]). The award exceeded what would be reasonable compensation to the extent indicated (*compare Harris v City of N.Y. Health & Hosps. Corp.*, 49 AD3d 321 [1st Dept 2008], *and Cruz v Manhattan & Bronx Surface Tr. Operating Auth.*, 259 AD2d 432 [1st Dept 1999]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.