◼ JENNIFER LUNA et al., Appellants, v PHILIP F. SPADAFORA, M.D., et al., Respondents. [7 NYS3d 413]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Martin, J.), dated January 5, 2012, which granted the motion of the defendant Winthrop University Hospital pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it, (2) a judgment of the same court entered February 17, 2012, which, upon the order dated January 5, 2012, is in favor of the defendant Winthrop University Hospital and against them dismissing the complaint insofar as asserted against that defendant, (3) an order of the same court dated April 4, 2013, which granted that branch of the motion of the defendants Philip F. Spadafora and LI Prof Medical Services, P.C., which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiffs and against them on the issues of liability and damages and for judgment as a matter of law dismissing the complaint insofar as asserted against them, (4) a judgment of the same court entered June 25, 2013, which, upon a second order dated April 4, 2013, granting that branch of the motion of the defendant John F. Aloia which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiffs and against him on the issues of liability and damages and for judgment as a matter of law dismissing the complaint insofar as asserted against him, is in favor of the defendant John F. Aloia and against them dismissing the complaint insofar as asserted against that defendant, and (5) a judgment of the same court

entered September 6, 2013, which, upon the first order dated April 4, 2013, is in favor of the defendant Philip F. Spadafora and LI Prof Medical Services, P.C., and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment entered February 17, 2012, is affirmed; and it is further,

Ordered that the judgment entered June 25, 2013, is reversed, on the law, that branch of the motion of the defendant John F. Aloia which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiffs and against him on the issues of liability and damages and for judgment as a matter of law dismissing the complaint insofar as asserted against him is denied, the complaint is reinstated insofar as asserted against the defendant John F. Aloia, the jury verdict on the issues of liability and damages is reinstated insofar as against that defendant, the second order dated April 4, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment in favor of the plaintiff and against the defendant John F. Aloia in accordance with the reinstated jury verdict; and it is further,

Ordered that the judgment entered September 6, 2013, is reversed, on the law, that branch of the motion of the defendants Philip F. Spadafora and LI Prof Medical Services, P.C., which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiffs and against them on the issues of liability and damages and for judgment as a matter of law dismissing the complaint insofar as asserted against them is denied, the complaint is reinstated insofar as asserted against the defendants Philip F. Spadafora and LI Prof Medical Services, P.C., the jury verdict on the issues of liability and damages is reinstated insofar as against those defendants, the first order dated April 4, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment in favor of the plaintiffs and against the defendants Philip F. Spadafora and LI Prof Medical Services, P.C., in accordance with the reinstated jury verdict; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant John F. Aloia and the defendants Philip F. Spadafora, and LI Prof Medical Services, P.C., appearing separately and filing separate briefs, and one bill of costs is awarded to the defendant Winthrop University Hospital, payable by the plaintiffs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those orders are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

The plaintiff Jennifer Luna (hereinafter the injured plaintiff) alleged that, due to a 13-month delay in diagnosing her medullary thyroid cancer, she was left with a worsened prognosis and increased damages due to the metastasis of her cancer to her lymph nodes and eventually to her lung, and a significantly decreased 10-year survival rate. The injured plaintiff further alleged that she was required to undergo more extensive surgery to remove the cancer and to endure two unnecessary surgeries because of the delayed diagnosis by the defendants Philip F. Spadafora, her internist, and John F. Aloia, an endocrinologist to whom she was referred for evaluation by Spadafora. After the jury returned a verdict in favor of the plaintiffs and awarded them more than $6.8 million in damages, the Supreme Court granted those branches of the separate motions of the defendants Spadafora and his professional corporation, the defendant LI Prof Medical Services, P.C. (hereinafter together the Spadafora defendants), and Aloia which were pursuant to CPLR 4404 (a) to set aside the verdict on the issues of liability and damages and for a judgment as a matter of law dismissing the complaint insofar as asserted against each of them on the ground that there was no rational basis upon which the jury could have found that the delayed diagnosis was a proximate cause of the injured plaintiff's injuries. The court also granted the motion of the defendant Winthrop University Hospital (hereinafter Winthrop) pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that it could not be held vicariously liable for any alleged acts of negligence committed by Aloia. The plaintiffs appeal.

Contrary to the plaintiffs' contention, the Supreme Court properly granted Winthrop's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that it could not be held vicariously liable for any alleged acts of negligence committed by Aloia. "To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the

plaintiff against the moving defendant" (*Seitz v TJX Cos., Inc.*, 119 AD3d 669, 670 [2014]; *see Stewart v Heralall*, 116 AD3d 760, 760 [2014]). "The doctrine of respondeat superior renders an employer vicariously liable for a tort committed by an employee while acting within the scope of employment. The general rule is that an employee acts within the scope of his employment when he is acting in furtherance of the duties owed to the employer and where the employer is or could be exercising some degree of control, directly or indirectly, over the employee's activities" (*Swartzlander v Forms-Rite Bus. Forms & Print. Serv.*, 174 AD3d 971, 971-972 [1991], *affd* 78 NY2d 1060 [1991] [citations omitted]; *see Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]). Although the issue is usually a factual issue for the jury, "[w]here the proof on the issue of control presents no conflict in evidence or is undisputed, the matter may properly be determined as a matter of law" (*Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d 334, 335 [1999]; *see Langner v Primary Home Care Servs., Inc.*, 83 AD3d 1007, 1009 [2011]).

Here, there was no real dispute as to the employment arrangement between Aloia and Winthrop, as set forth in the clear and unambiguous employment contract (*see generally IPE Asset Mgt., LLC v Fairview Block & Supply Corp.*, 123 AD3d 883 [2014]), and further established by the trial testimony of Aloia and Jean White, Winthrop's Director of Faculty Practices. This evidence established that Winthrop employed Aloia to coordinate and implement its academic and research initiatives and goals, not to treat endocrinology patients such as the injured plaintiff. Aloia's employment contract permitted him to maintain his private practice in endocrinology, as well as internal medicine and bone densitometry, outside of his employment with Winthrop. Although Winthrop provided space and certain personnel to Aloia, including a secretary and office manager, Aloia was required to reimburse Winthrop for these and any other assets used for his private practice. Under these circumstances, there is no rational basis by which the jury could find that Aloia was employed by Winthrop for the purpose of treating the injured plaintiff (*see generally Seitz v TJX Cos., Inc.*, 119 AD3d 669 [2014]). Accordingly, the Supreme Court properly determined that Winthrop cannot be held vicariously liable for any of Aloia's alleged acts of negligence.

However, the Supreme Court erred in granting those branches of the separate motions of Aloia and the Spadafora defendants (hereinafter collectively the physician defendants)

which were to set aside the jury verdict on the issues of liability and damages and for judgment as a matter of law dismissing the complaint insofar as asserted against them.

"A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867, 867 [2014] [internal quotation marks and citation omitted]). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867, 867 [2014]).

The evidence presented at trial demonstrated that, on November 4, 2003, Spadafora, the injured plaintiff's internist, palpated her neck and discovered that she had an enlarged thyroid. Spadafora referred her for a sonogram of her thyroid. The sonogram revealed that the right lobe of her thyroid was markedly enlarged and that there were multiple solid nodules in her thyroid. Spadafora advised the injured plaintiff of this on November 14, 2003, and referred her to Aloia, an endocrinologist. Although Spadafora made a note indicating that the injured plaintiff may need a biopsy to evaluate the nodules, he did not discuss this matter with Aloia.

On November 20, 2003, Aloia palpated an enlarged thyroid with nodules and opined that the injured plaintiff had a benign multinodular goiter. Although he did not rule out a cancer diagnosis altogether, he did not order a biopsy. Aloia did not recall whether he informed the injured plaintiff that she might have cancer, but he agreed that he should have.

Thereafter, during visits on August 23, 2004, and September 1, 2004, Spadafora observed that the injured plaintiff had an enlarged thyroid, but no enlarged lymph nodes. On November 10, 2004, Spadafora observed an increase in the size of the injured plaintiff's lymph nodes and referred her back to Aloia, who noted the enlarged lymph nodes and referred her for a sonogram. On December 2, 2004, which was more than a year after Spadafora and Aloia first examined the solid nodules in the injured plaintiff's thyroid and did not expressly rule out

cancer as a possible cause, Aloia referred the injured plaintiff for a fine needle aspiration biopsy. The biopsy revealed the presence of medullary thyroid cancer. The injured plaintiff underwent surgery to remove her thyroid on January 14, 2005.

The plaintiffs' internal medicine expert testified that Spadafora departed from good and accepted medical practice, inter alia, by failing to communicate with Aloia and by failing to follow through with his plan to perform a biopsy on the thyroid nodules. The plaintiffs' radiation oncology expert opined that, when Spadafora observed the enlarged thyroid and solid nodules in November 2003, the cancer was confined to the thyroid gland and at Stage II, during which patients have a 10-year survival rate of 85%-90%. He further opined that the 13-month delay in diagnosing medullary thyroid cancer caused the injured plaintiff to develop Stage IV cancer, which gave her a 10-year survival rate of only 40%-50%.

Under these circumstances, we conclude that there was a valid line of reasoning and permissible inferences from which the jury could have rationally concluded that the physician defendants departed from good and accepted medical practice, and that the delay in diagnosing the injured plaintiff's cancer proximately caused her to have a worsened prognosis or decreased 10-year survival rate (*see Borawski v Huang*, 34 AD3d 409, 410 [2006]; *Hughes v New York Hosp.-Cornell Med. Ctr.*, 195 AD2d 442, 443 [1993]; *see also Fellin v Sahgal*, 35 AD3d 800, 801 [2006]; *Jump v Facelle*, 275 AD2d 345 [2000]).

Additionally, the verdict was not contrary to the weight of the evidence. "Where both sides present expert testimony in support of their respective positions, it is for the jury to decide which expert's testimony is more credible" (*Cavlin v New York Med. Group*, 286 AD2d 469, 471 [2001]; *see People v Miller*, 91 NY2d 372 [1998]). Here, the jury's choice to give more credence to the plaintiff's expert witnesses was a fair interpretation of the evidence (*see Cavlin v New York Med. Group*, 286 AD2d at 471).

The physician defendants' remaining contentions are without merit. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.