Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 8, 2014, which granted defendant-respondent’s motion to set aside the jury’s verdict to the extent of directing a new trial as to damages unless plaintiffs stipulate to reduce the award for past pain and suffering from $950,000 to $250,000, reduce the award for future pain and suffering from $250,000 to $25,000, reduce the award for past loss of consortium from $100,000 to $30,000, and reduce the award for future loss of consortium from $125,000 to $20,000, unanimously affirmed, without costs.
In this medical malpractice action, plaintiff Miguel Erosa required an open surgery to remove an appendiceal stump left behind in a prior laparoscopic appendectomy. The open surgery left plaintiff with a scar on his abdomen, but no physical limi *579 tations. The trial court found plaintiff’s injury did not warrant the jury’s awards for pain and suffering, and that they deviated materially from reasonable compensation under the circumstances to the extent indicated (see CPLR 5501 [c]; Padilla v Montefiore Med. Ctr., 119 AD3d 493, 494 [1st Dept 2014]; cf. Rojas v Palese, 94 AD3d 557 [1st Dept 2012] [award for future pain and suffering increased to $350,000 where the plaintiff was left with a large, raised scar across her abdomen that could worsen if she were to become pregnant and may require surgical repair in the future]). Giving the trial court’s decision the appropriate weight, and considering the awards sustained by this court in similar cases, we find no basis to disturb the trial court’s findings (see Reed v City of New York, 304 AD2d 1, 7 [1st Dept 2003], lv denied 100 NY2d 503 [2003]). The court also properly reduced the awards for loss of consortium (see Garcia v Spira, 273 AD2d 57 [1st Dept 2000]).
Concur — Tom, J.R, Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.