■ VINCENT ODOARDI et al., Respondents, v JODI ABRAMSON, M.D., et al., Defendants, and BENJAMIN LIBERATORE, M.D., Appellant. [42 NYS3d 1]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about June 4, 2015, which, insofar as appealed from, denied the motion of defendant Benjamin Liberatore, M.D. for summary judgment dismissing the complaint and all cross claims as against him, unanimously affirmed, without costs.

Following Dr. Liberatore's prima facie showing of entitlement to summary judgment on the ground that nothing at the time of plaintiff Vincent Odoardi's pre-Lasik surgery exam should have alerted the ophthalmologist to plaintiff having the disease Retinitis Pigmentosa (RP), plaintiff's expert raised questions of fact as to the accuracy of that assertion (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Cregan v Sachs*, 65 AD3d 101, 108-109 [1st Dept 2009]). The nonspeculative opinion of plaintiff's expert was based upon plaintiff's complaints pre-surgery concerning problems with his vision, and the relatively stable condition of plaintiff's RP after its diagnosis, an indicator that the disease was not of sudden onset and had already expressed itself at the time of Dr. Liberatore's exam (*see e.g. Feldman v Levine*, 90 AD3d 477 [1st Dept 2011]).

Dr. Liberatore's argument that he cannot be liable on a claim for lack of informed consent because he was merely a referring physician, is unpersuasive in light of the evidence that he comanaged plaintiff's care and that the Lasik surgeon specifically relied upon Dr. Liberatore's examination to clear plaintiff for the surgery (*see Datiz v Shoob*, 71 NY2d 867 [1988]). Nor was Dr. Liberatore entitled to summary judgment on proximate

cause grounds. While Lasik surgery does not cause or accelerate RP, both plaintiff's expert and his nonparty treating physician averred that Lasik surgery in individuals with RP can cause a patient's visual perceptions to worsen, as if they were looking through a tunnel.

Regarding that portion of Dr. Liberatore's motion seeking dismissal of the lost earnings claim on the ground that it is speculative, he failed to make a prima facie showing of entitlement to such relief, rendering the sufficiency of the opposition irrevelant (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.