Berger v Shen (2020 NY Slip Op 03638)





Berger v Shen


2020 NY Slip Op 03638


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-03518
 (Index No. 801/12)

[*1]Rena Berger, et al., respondents-appellants,
v
Katherine Joy Shen, etc., et al., appellants-respondents, et al., defendant.


Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner of counsel), for appellants-respondents.
Halperin & Halperin, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the defendants Katherine Joy Shen and Westchester Medical Group, P.C., appeal, and the plaintiffs cross-appeal, from a judgment of the Supreme Court, Westchester County (Robert DiBella, J.), dated March 6, 2017. The judgment, insofar as appealed from, upon a jury verdict, and upon an order of the same court dated February 22, 2017, inter alia, denying the motion of the defendants Katherine Joy Shen and Westchester Medical Group, P.C., among other things, pursuant to CPLR 4404(a) to set aside so much of the jury verdict on the issue of liability as was in favor of the plaintiffs and against them and for judgment as a matter of law dismissing the complaint insofar as asserted against them, is in favor of the plaintiffs and against those defendants in the total principal sum of $1,134,228.04. The judgment, insofar as cross-appealed from, upon the jury verdict and the order, is in favor of the plaintiff Rena Berger and against the defendants Katherine Joy Shen and Westchester Medical Group, P.C., in the principal sum of only $26,728.04 for past medical expenses.
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Katherine Joy Shen and Westchester Medical Group, P.C., which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict on the issue of liability as was in favor of the plaintiffs and against them and for judgment as a matter of law dismissing the complaint insofar as asserted against them is granted, the order dated February 22, 2017, is modified accordingly, and the complaint is dismissed insofar as asserted against the defendants Katherine Joy Shen and Westchester Medical Group, P.C.; and it is further,
ORDERED that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,
ORDERED that one bill of costs is awarded to the defendants Katherine Joy Shen and Westchester Medical Group, P.C.
On February 19, 2007, the defendant Katherine Joy Shen, an otolaryngologist employed by the defendant Westchester Medical Group, P.C. (hereinafter Westchester Medical), [*2]performed functional endoscopic sinus surgery on the plaintiff Rena Berger for the treatment of chronic sinusitis. During the procedure, Shen observed thinning of one of the bones in Berger's sinus cavity, and applied a dural patch to reinforce the bone. Following the procedure, Berger complained of changes to her senses of smell and taste. Thereafter, Berger was treated by another physician, Joseph Jacobs, who performed a surgical procedure involving, inter alia, drainage of a cyst filled with mucus in Berger's sinus cavity and endoscopic repair of the bone in the area where Shen had applied the dural patch.
Berger, and her husband suing derivatively, subsequently commenced this action against, among others, Shen and Westchester Medical (hereinafter together the defendants) to recover damages for medical malpractice. Following a jury trial, the jury returned a verdict on the issue of liability, finding that Shen did not depart from good and accepted medical practice in her preoperative workup of Berger, in suggesting that Berger undergo functional endoscopic sinus surgery, or in her performance of the surgery, and that Shen provided sufficient information to obtain Berger's informed consent to the surgery, but that Shen departed from good and accepted medical practice in failing to apprise Berger of the dural patch she had placed during the surgery and in her postoperative care, and that those failures were a substantial factor in causing Berger's injuries. The jury also returned a verdict on the issue of damages awarding the plaintiffs the total principal sum of $1,134,228.04, including the sum of $26,728.04 for past medical expenses.
Thereafter, the defendants moved, among other things, pursuant to CPLR 4404(a) to set aside so much of the verdict on the issue of liability as was in favor of the plaintiffs and against them and for judgment as a matter of law dismissing the complaint insofar as asserted against them. The plaintiffs cross-moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the verdict on the issue of liability as was in favor of the defendants and against them and for judgment as a matter of law, or, in the alternative, to set aside those portions of the verdict as contrary to the weight of the evidence and for a new trial. In an order dated February 22, 2017, the Supreme Court denied the defendants' motion and the plaintiffs' cross motion. In a judgment dated March 6, 2017, the court awarded the plaintiffs the principal sum of $1,134,228.04. The defendants appeal, and the plaintiffs cross-appeal, from the judgment.
"A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Larkin v Wagner, 170 AD3d 1145, 1147, quoting Tapia v Dattco, Inc., 32 AD3d 842, 844; see Cohen v Hallmark Cards, 45 NY2d 493, 498). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hiotidis v Ramuni, 161 AD3d 955, 956, quoting Hand v Field, 15 AD3d 542, 543).
" In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Bianco v Sherwin, 165 AD3d 620, 621-622, quoting Stukas v Streiter, 83 AD3d 18, 23). "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Gaspard v Aronoff, 153 AD3d 795, 796). " A plaintiff's evidence of proximate cause may be found legally sufficient even if his or her expert is unable to quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased the injury, as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury'" (Lopes v Lenox Hill Hosp., 172 AD3d 699, 702, quoting Gaspard v Aronoff, 153 AD3d at 796-797).
Here, it is uncontested on appeal that Shen departed from good and accepted medical [*3]practice in failing to apprise Berger of the patch she placed during the functional endoscopic sinus surgery and in her postoperative care. However, there was no valid line of reasoning or permissible inferences which could possibly lead rational persons to the conclusion that such departures were a substantial factor in causing Berger's injuries. Although the plaintiffs' expert opined that Shen should have advised Berger of the patch and provided written instructions for bed rest following the surgery to avoid dislocating the patch during the healing process, no evidence was presented at trial that the patch was disturbed after the surgery. Moreover, the plaintiffs' expert did not testify that Berger's problems with her senses of smell and taste, or the conditions that necessitated the surgery performed by Jacobs, were caused by Shen's alleged failure to apprise Berger of the patch or her postoperative care, but rather attributed Berger's injuries to irreparable damage done during the functional endoscopic sinus surgery. Further, contrary to the plaintiffs' assertion, there was no evidence presented that Berger could have had a better outcome if Shen had ordered a CT scan after performing the functional endoscopic sinus surgery. Thus, to establish a connection between the alleged departures and Berger's injuries, the jury could have relied only on speculation (see Previtera v Nath, 164 AD3d 848, 851; Brown v Shah, 109 AD3d 948, 949; Broadie v St. Francis Hosp., 25 AD3d 745, 746-747).
Furthermore, contrary to the plaintiffs' contention, there was legally sufficient evidence to support the jury's findings that Shen did not depart from good and accepted medical practice in her preoperative workup of Berger, in suggesting that Berger undergo functional endoscopic sinus surgery, or in her performance of the surgery, and that Shen provided sufficient information to obtain Berger's informed consent to the surgery (see Cohen v Hallmark Cards, 45 NY2d at 499). Further, those findings were based on a fair interpretation of the evidence, and thus, were not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict on the issue of liability as was in favor of the plaintiffs and against them and for judgment as a matter of law dismissing the complaint insofar as asserted against them.
In light of our determination, the parties' remaining contentions need not be reached.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court