Kelly v Consolidated Edison Co. of N.Y., Inc. (2024 NY Slip Op 04460)

Kelly v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 04460

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-03584
 (Index No. 17243/14)

[*1]Renea Kelly, appellant, 
v
Consolidated Edison Company of New York, Inc., et al., defendants, Cablevision Systems NYC Corp., respondent.

Borrell & Riso, LLP, Staten Island, NY (Jeffrey F. G. Borrell of counsel), for appellant.
Nicholas Goodman & Associates, PLLC, New York, NY (H. Nicholas Goodman and Patrick L. Selvey of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated March 22, 2023. The order granted the motion of the defendant Cablevision Systems NYC Corp. pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in 2012 when she tripped on an exposed trench that cut through a crosswalk in Brooklyn. The defendant Cablevision Systems NYC Corp. (hereinafter the defendant) originally dug the trench with a rock saw in 1994 in order to lay utility lines beneath the street and thereafter restored the trench. Following a jury trial on the issue of liability, the jury returned a verdict finding that the defendant was negligent and 80% at fault in the happening of the accident. The defendant thereafter moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it. In an order dated March 22, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial'" (Hilt v Carpentieri, 198 AD3d 625, 627, quoting Bacon v Bostany, 104 AD3d 625, 627; see Saintume v Lamattina, 192 AD3d 1156, 1158-1159). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Berger v Shen, 185 AD3d 539, 541 [internal quotation marks omitted]). However, "'[a] jury verdict must be based on more than mere speculation or guesswork'" (Kirwan v New York City Tr. Auth., 199 AD3d 907, 908, quoting Bernstein v City of New York, 69 NY2d 1020, 1021).
Here, there was no rational process by which the jury, based on the evidence [*2]presented at trial, could find for the plaintiff and against the defendant on the issue of liability. The plaintiff testified that the trench became exposed approximately 2½ years prior to her accident, which was more than a decade after the defendant completed its work at the crosswalk and covered the trench. There was no evidence capable of supporting the inference that any aspect of the defendant's work or maintenance of the area more than a decade earlier created a defect that caused the plaintiff's accident. The jury therefore had no evidentiary basis beyond speculation to conclude that the defendant was at fault for the trench becoming exposed approximately 16 years after its restoration (see Cohen v Hallmark Cards, 45 NY2d 493, 498). Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court