Dispensa v Medical Diagnostic Imaging, PLLC (2026 NY Slip Op 00492)

Dispensa v Medical Diagnostic Imaging, PLLC

2026 NY Slip Op 00492

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2023-08028
 (Index No. 53685/19)

[*1]Frank Dispensa, etc., respondent, 
vMedical Diagnostic Imaging, PLLC, et al., appellants.

Feldman, Kleidman, Collins & Sappe, LLP, Fishkill, NY (Wayne M. Rubin of counsel), for appellants.
Weitz & Luxenberg, P.C., New York, NY (Meredith Abrams and Jared Scotto of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal from a judgment of the Supreme Court, Dutchess County (Thomas Ritchie Davis, J.), dated June 15, 2023. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $1,100,000 for past pain and suffering and $350,000 for future pain and suffering and awarding Kathy Dispensa the principal sum of $250,000 for loss of services, and upon an order of the same court dated November 27, 2023, among other things, denying that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on the issue of damages and for a new trial on the issue of damages, is in favor of the plaintiff and Kathy Dispensa and against the defendants in the principal sum of $1,700,000.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding Kathy Dispensa the principal sum of $250,000 for loss of services; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside, as excessive, so much of the jury verdict on the issue of damages as awarded Kathy Dispensa the principal sum of $250,000 for loss of services and for a new trial on the issue of damages for loss of services is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial on the issue of damages for loss of services and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to reduce the award of damages for loss of services from the principal sum of $250,000 to the principal sum of $50,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.
Frank Dispensa (hereinafter the plaintiff), and his wife, Kathy Dispensa, suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice based on the defendants' failure to timely diagnose a meningioma, a tumor on the plaintiff's left optic [*2]nerve, when they performed a magnetic resonance imaging scan in March 2018. A nonparty physician diagnosed the plaintiff several months later. At trial, the plaintiff presented evidence that, as a result of the delay in treatment, he lost vision in his left eye. At the conclusion of the trial, the jury awarded the plaintiff the principal sum of $1,100,000 for past pain and suffering and the principal sum of $350,000 for future pain and suffering and awarded the wife the principal sum of $250,000 for loss of services. In an order dated November 27, 2023, the Supreme Court, among other things, denied that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on the issue of damages. Thereafter, the court issued a judgment dated June 15, 2023, in favor of the plaintiff and the wife and against the defendants in the principal sum of $1,700,000. The defendants appeal. While this appeal was pending, the wife died, and the plaintiff, as the executor of her estate, was substituted for her.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Chicoine v Mendola, 233 AD3d 841, 844 [internal quotation marks omitted]; see CPLR 5501[c]; Bacchus-Sirju v Hollis Women's Ctr., 196 AD3d 670, 673).
Here, considering the nature and extent of the plaintiff's injuries, the jury's award of $1,100,000 for past pain and suffering and $350,000 for future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]; Devadas v Niksarli, 120 AD3d 1000, 1010). However, the jury's award of $250,000 to the wife for loss of services deviated materially from what would be reasonable compensation to the extent indicated herein (see Garcia v Spira, 273 AD2d 57, 57).
DUFFY, J.P., WOOTEN, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court