◼ THOMAS VALENTINE, JR., et al., Respondents, v JAY GROSSMAN et al., Appellants. [724 NYS2d 504] —In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated May 9, 2000, as denied their motion pursuant to CPLR 4404 to set aside a jury verdict on the issue of damages and to direct a new trial on the issue of damages, or, in the alternative, to reduce the verdict as excessive, and (2) from a judgment of the same court, entered July 10, 2000, which, upon the jury verdict awarding the plaintiff Thomas Valentine, Jr., damages in the principal sum of $6,624,700.88 and the plaintiff Jeanette Valentine damages in the principal sum of $2,300,000 on her derivative claim, is in favor of the plaintiffs and against them in the principal sum of $8,924,700.88.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is granted, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial on the issue of damages only, with costs to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff Thomas Valentine, Jr., and his wife commenced this action to recover damages for personal injuries that he allegedly sustained when his vehicle was struck by a vehicle driven by the defendant Nancy Grundman. The plaintiffs were granted summary judgment on the issue of liability, and a trial proceeded solely on the issue of damages.

During the trial, the defendants called two biomechanical engineers to testify that the force generated in the accident was not sufficient to cause a herniated disc. At the plaintiffs' request, a *Frye* hearing (*see, Frye v United States,* 293 F 1013; *cf., People v Wernick,* 89 NY2d 111, 115-116) was conducted to determine whether the scientific methods used by these experts to reach their conclusions were valid. The trial court admitted the testimony of the first biomechanical engineer, who testified that the accident subjected the injured plaintiff to a 3.6 G-force.

The second biomechanical engineer testified that there was not enough force generated in the collision to cause a herniated disc. He had arrived at this conclusion by adopting the calculations of the first biomechanical engineer. In addition, he relied upon studies which applied a 3.2 G-force to living people and a 3.6 G-force or greater to dummies, cadavers, and animal tissue, and studies which calculated the force present in actual accidents. He then correlated those forces to the injuries allegedly sustained by the injured plaintiff. He further testified that the difference between a 3.6 G-force and a 3.2 G-force was negligible. The trial court found the scientific methods used in reaching his conclusions were valid, but rejected his testimony on relevancy grounds. In doing so, the trial court concluded that the studies involving living people were irrelevant as they employed only a 3.2 G-force, and that the other studies were irrelevant as they did not involve living people or differed from the specific facts of this accident.

The trial court erred in excluding the testimony of the second

biomechanical engineer on relevancy grounds. That expert testified that in his opinion, the difference between the force applied in the studies conducted on living people and the force generated in this collision was not significant. The testimony was clearly relevant. It tended to make the defendants' contention, that the accident was not severe enough to have caused the injuries sustained, more probable (*see, People v Fagan,* 215 AD2d 686, 687). The weight to be accorded this expert testimony is a matter to be determined by the jury (*see, Coates v Peterson & Sons,* 48 AD2d 890). This testimony was also admissible because it was probative of the central issue of the case (*see, Crisci v Sadler,* 253 AD2d 447). Therefore, as the exclusion of this evidence cannot be deemed harmless, the matter is remitted to the Supreme Court, Dutchess County, for a new trial on the issue of damages only.

The defendants' remaining contentions are either without merit or need not be addressed in light of our determination. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.