SAWARDI WILBUR et al., Appellants, v JAY LACERDA et al., Respondents. [826 NYS2d 135]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated April 29, 2005, which, upon a jury verdict, and upon an order of the same court dated November 19, 2004, denying their motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issues of proximate cause and damages and to direct a new trial on those issues, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issues of proximate cause and damages only, with costs to abide the event, and the order dated November 19, 2004 is modified accordingly.

The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the infant plaintiff as a result of exposure to lead paint while residing at premises owned by the defendants. At trial, the plaintiffs presented testimony that the infant plaintiff had cognitive deficits and that the deficits were attributable to the lead poisoning. The defendants, on the other hand, while conceding that there was lead paint at the premises, presented testimony that any of the infant plaintiff's alleged cognitive deficits were not the result of lead poisoning, but rather the result of the trauma of being placed in foster care.

The plaintiffs sought to introduce into evidence four reports completed by psychologists and a speech-language pathologist regarding their separate evaluations of the infant plaintiff, and presented testimony that the reports were made in the ordinary course of business. The Supreme Court found the reports inadmissible, stating that they were not subject to the business record exception. However, "[a] report made in the ordinary course of a doctor's medical practice is admissible in evidence as a business record" (*Hefte v Bellin*, 137 AD2d 406, 408 [1988]; *see Crisci v Sadler*, 253 AD2d 447, 448 [1998]). Therefore, the exclusion of that evidence was error.

The error with regard to three of the reports, however, was harmless. The excluded reports dated June 10, 2002, August 20, 2002, and November 22, 2002, respectively, do not tend to support the plaintiffs' position, as they concerned evaluations of the infant plaintiff conducted after he was placed in foster care. Moreover, one of the plaintiffs' witnesses testified about the

substance of those reports (*see Webber v K-Mart Corp.*, 266 AD2d 534, 535 [1999]; *Guiga v JLS Constr. Co.*, 255 AD2d 244, 245 [1998]).

The remaining report, dated August 22, 1996, concerned an evaluation of the infant plaintiff when he was approximately 26 months old, after his exposure to lead paint but nearly six years before he was placed in foster care. This report concluded that the infant plaintiff had limited language skills and a mild cognitive delay. This was relevant and contradicted the defendants' position as it tended to make the plaintiffs' contention that the infant plaintiff's alleged cognitive deficits resulted from lead poisoning more probable (*see People v Davis*, 43 NY2d 17, 27 [1977]; *Valentine v Grossman*, 283 AD2d 571, 573 [2001]). The weight to be accorded to this report is a matter to be determined by the jury (*see Coates v Peterson & Sons*, 48 AD2d 890 [1975]). Accordingly, the exclusion of that report cannot be deemed harmless (*see Valentine v Grossman, supra; Crisci v Sadler, supra* at 448; *Gomez v City of New York*, 215 AD2d 353, 354 [1995]). Therefore, the motion should have been granted and we remit the matter to the Supreme Court, Westchester County, for a new trial on the issues of proximate cause and damages only.

The plaintiffs' remaining contentions need not be addressed in light of our determination. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.