■ RAYMOND GASPARD et al., Respondents, v JEFFREY S. ARONOFF, M.D., et al., Appellants. [61 NYS3d 240]—

Appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated June 1, 2015, and a judgment of that court dated July 15, 2015. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiffs on the issue of liability and on the issue of damages for past pain and suffering in the principal sum of $600,000, and future pain and suffering in the principal sum of $400,000, and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The judgment, upon the order, is in favor of the plaintiffs and against the defendants in the principal sum of $1,000,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs commenced this medical malpractice action alleging that the defendant Jeffrey S. Aronoff failed to advise the plaintiff Raymond Gaspard regarding the signs and symptoms of a colon perforation following a colonoscopy, and then failed to properly treat the infected perforation after it had been detected in a CT scan. The plaintiffs alleged that as a result of Aronoff's malpractice, Raymond had to undergo a Hartmann procedure in which a foot-long section of his colon was removed, requiring a colostomy. Raymond was also required to undergo a subsequent surgery to reverse the colostomy, and then a third surgery for a hernia.

The case proceeded to trial on the issues of liability and damages, and the jury rendered a verdict in favor of the plaintiffs and against the defendants. Damages were awarded in the

principal sums of $600,000 for past pain and suffering and $400,000 for future pain and suffering. The defendants moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied those branches of the motion, and a judgment was entered in favor of the plaintiffs and against the defendants in the principal sum of $1,000,000. The defendants appeal.

" 'A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party' " (*Ryan v City of New York*, 84 AD3d 926, 926-927 [2011], quoting *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Similarly, "[a] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006 [2010]; *see Sessa v Seddio*, 132 AD3d 656, 656 [2015]).

To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove that the defendant deviated from accepted standards of medical practice and that such deviation proximately caused the plaintiff's injuries (*see Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]; *Thompson v Orner*, 36 AD3d 791 [2007]; *Anderson v Lamaute*, 306 AD2d 232, 233 [2003]). Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury (*see Goldberg v Horowitz*, 73 AD3d 691 [2010]; *Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 883 [2005]). "Generally, expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (*Semel v Guzman*, 84 AD3d 1054, 1055 [2011] [internal quotation marks omitted]; *see Goldberg v Horowitz*, 73 AD3d at 693; *Dockery v Sprecher*, 68 AD3d 1043, 1045 [2009]). " 'A plaintiff's evidence of proximate cause may be found legally sufficient even if his or her expert is unable to quantify the extent to which the defendant's act or omission

decreased the plaintiff's chance of a better outcome or increased the injury, as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury' " (*Semel v Guzman*, 84 AD3d at 1055-1056, quoting *Goldberg v Horowitz*, 73 AD3d at 694).

Here, there was legally sufficient evidence to support the jury's findings that Aronoff departed from accepted standards of medical practice in failing to provide Raymond with written post-colonoscopy instructions and failing to warn him as to the signs or symptoms of which he should be aware. Aronoff also failed to contact Raymond and instruct him to go to the hospital after Aronoff had reviewed CT scan results that revealed a colon perforation. The evidence was legally sufficient to support the jury's findings that these deviations proximately caused Raymond's injuries (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Semel v Guzman*, 84 AD3d at 1056; *Nicastro v Park*, 113 AD2d 129, 132 [1985]).

Moreover, the jury's findings were based on a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (*see Giammarino v Carlo*, 144 AD3d 1086, 1086-1087 [2016]; *Novick v Godec*, 58 AD3d 703 [2009]; *Monroy v Glavas*, 57 AD3d 631 [2008]). Since the plaintiffs and the defendants both presented expert testimony in support of their respective positions, it was within the province of the jury to determine the experts' credibility (*see Cohen v Hallmark Cards*, 45 NY2d at 498-499; *Giammarino v Carlo*, 144 AD3d at 1087; *Semel v Guzman*, 84 AD3d at 1056; *Fellin v Sahgal*, 35 AD3d 800 [2006]; *Nicastro v Park*, 113 AD2d at 133-134), and we discern no reason to disturb the jury's credibility determinations.

Furthermore, the amount of damages awarded is primarily a question for the jury, whose determination is entitled to great deference (*see Rose v Zinberg*, 128 AD3d 940, 941 [2015]; *Fryer v Maimonides Med. Ctr.*, 31 AD3d 604, 605 [2006]; *Crockett v Long Beach Med. Ctr.*, 15 AD3d 606, 607 [2005]). We find that the amount of damages awarded by the jury for Raymond's past and future pain and suffering did not materially deviate from what would be reasonable compensation (*see* CPLR 5501 [c]; *Jump v Facelle*, 292 AD2d 501 [2002]; *Galandauer v Brookdale Hosp. Med. Ctr.*, 274 AD2d 448 [2000]).

Accordingly, those branches of the defendants' motion which were to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, were properly

denied. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.