Hilt v Carpentieri (2021 NY Slip Op 05326)





Hilt v Carpentieri


2021 NY Slip Op 05326


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2017-07128 
2017-10251
 (Index No. 10589/11)

[*1]Grace Hilt, etc., appellant-respondent,
v
Adam Carpentieri, etc., et al., defendants, Joseph S. Reiss, etc., et al., respondents-appellants. (Appeal No. 1.)
Grace Hilt, etc., respondent,
v
Adam Carpentieri, etc., et al., defendants, Joseph S. Reiss, etc., et al., appellants. (Appeal No. 2.)


Goldfarb & Gerzog (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant-respondent in Appeal No. 1 and respondent in Appeal No. 2.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents-appellants in Appeal No. 1 and appellants in Appeal No. 2.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered May 3, 2017, and the defendants Joseph S. Reiss and Joseph S. Reiss, M.D., P.C., cross-appeal from the order entered May 3, 2017, and appeal from an order of the same court entered August 29, 2017. The order entered May 3, 2017, insofar as appealed from, granted that branch of the motion of the defendants Joseph S. Reiss and Joseph S. Reiss, M.D., P.C., which was pursuant to CPLR 4404(a) to set aside the jury verdict and for a new trial and, in effect, denied the plaintiffs' cross motion to increase the jury award for pain and suffering. The order entered May 3, 2017, insofar as cross-appealed from, in effect, denied that branch of the motion of the defendants Joseph S. Reiss and Joseph S. Reiss, M.D., P.C., which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law. The order entered August 29, 2017, insofar as appealed from, upon reargument, in effect, adhered to the determination in the order entered May 3, 2017, denying that branch of the motion of the defendants Joseph S. Reiss and Joseph S. Reiss, M.D., P.C., which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law.
ORDERED that the cross appeal from the order entered May 3, 2017, is dismissed, as the portion of the order cross-appealed from was superseded by the order entered August 29, 2017, made upon reargument; and it is further,
ORDERED that the appeal from the order entered May 3, 2017, is dismissed as academic in light of our determination on the appeal from the order entered August 29, 2017; and [*2]it is further,
ORDERED that the order entered August 29, 2017, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the order entered May 3, 2017, as, in effect, denied that branch of the motion of the defendants Joseph S. Reiss and Joseph S. Reiss, M.D., P.C., which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law is vacated, and thereupon, that branch of the motion is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Joseph S. Reiss and Joseph S. Reiss, M.D., P.C.
On November 30, 2009, Joseph Hilt (hereinafter the decedent) consulted the defendant, Joseph S. Reiss, an allergist, complaining of an allergic reaction. Reiss concluded that the drug Lisinopril, an ACE inhibitor that the decedent had been taking for high blood pressure for three years, was causing the allergic reaction, and Reiss told the decedent to stop taking Lisinopril. Reiss saw the decedent again on December 7 and December 21, 2009, and on both occasions, he confirmed that the decedent was no longer taking Lisinopril. Reiss did not communicate with the defendant Adam Carpentieri, the decedent's primary care physician who had prescribed Lisinopril to the decedent, to inform Carpentieri that the decedent should no longer take Lisinopril. On December 29, 2009, the decedent collapsed at his home, and was admitted to New Island Hospital that day. The decedent was transferred to North Shore University Hospital on December 31, 2009, and he died on January 2, 2010. Gerard Cantanese, a medical examiner, testified that the cause of death was an anaphylactic reaction due to Lisinopril.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice. Following a jury trial, the jury determined, in pertinent part, that Reiss had departed from good and accepted medical practice in failing to communicate with Carpentieri regarding his decision to have the decedent discontinue the use of Lisinopril, and that this departure was a substantial factor in bringing about the decedent's anaphylactic reaction and subsequent death. The jury awarded the plaintiff the principal sums of $250,000 for pain and suffering and $750,000 for wrongful death. Reiss and his medical practice, the defendant Joseph S. Reiss, M.D., P.C. (hereinafter together the Reiss defendants), moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or for a new trial. The plaintiff cross-moved to increase the award for pain and suffering.
In an order entered May 3, 2017, the Supreme Court granted that branch of the Reiss defendants' motion which was to set aside the jury verdict and for a new trial on the ground that the plaintiff's counsel engaged in inappropriate behavior in the presence of the jury and that the cumulative effect of counsel's conduct during the trial deprived the defendants of a fair trial. The court, in effect, denied that branch of the Reiss defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law and the plaintiff's cross motion to increase the award for pain and suffering. The Reiss defendants moved for leave to reargue. In an order entered August 29, 2017, the court granted leave to reargue and, upon reargument, adhered to the determination in the May 3, 2017 order denying that branch of the Reiss defendants' motion which was to set aside the jury verdict and for judgment as a matter of law. The plaintiff appeals, and the Reiss defendants cross-appeal, from the order entered May 3, 2021. The Reiss defendants appeal from the order entered August 29, 2017.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Bacon v Bostany, 104 AD3d 625, 627 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499).
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d [*3]18, 23; see Hollingsworth v Mercy Med. Ctr., 161 AD3d 831, 832). "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Gaspard v Aronoff, 153 AD3d 795, 796). "A plaintiff's evidence of proximate cause may be found legally sufficient . . . as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury'" (id. at 796-797, quoting Semel v Guzman, 84 AD3d 1054, 1055-1056).
On their motion and on appeal, the Reiss defendants argue that their failure to communicate with Carpentieri was not a proximate cause of the decedent's death. At trial, Carpentieri testified that the last visit that the decedent had with him occurred on September 9, 2009. The plaintiff's expert testified that the evidence established that Carpentieri did not treat the decedent in November and December of 2009. Although Carpentieri automatically refilled the decedent's prescription for Lisinopril on December 28, 2009, the evidence established that this prescription could not have reached the decedent's home by mail until after the decedent was already unconscious and in the hospital for the final time. Consequently, there is no evidence in the record from which the jury could have rationally concluded that Reiss's failure to communicate with Carpentieri was a proximate cause of the decedent's death (see Lopes v Lenox Hill Hosp., 172 AD3d 699, 703). Accordingly, upon reargument, the Supreme Court should have granted that branch of the Reiss defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law.
In light of the foregoing, we need not address the parties' remaining contentions.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court