Velasquez v Ruiz (2022 NY Slip Op 01343)





Velasquez v Ruiz


2022 NY Slip Op 01343


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-08259
 (Index No. 4043/13)

[*1]Amanda Flores Velasquez, respondent,
v
Reginald Ruiz, etc., et al., appellants, et al., defendants.


Ekblom & Partners, LLP (Mazzola Lindstrom LLP, New York, NY [Richard E. Lerner and Nina T. Edelman], of counsel), for appellants.
DeSimone & Associates, LLC (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman, Ralph DeSimone, and David A. Beke], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Reginald Ruiz and New York Health and Hospitals Corporation appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated May 15, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against them and for judgment as a matter of law dismissing the complaint insofar as asserted against them or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2011, the plaintiff, who was 20 years old and pregnant, was being treated at Woodhull Hospital by various medical personnel, including the defendant Reginald Ruiz. Late in her pregnancy, the plaintiff began complaining of blurry vision and other eye problems. The plaintiff saw an optometrist at Ruiz's suggestion and received new glasses. Her eye problems continued, and she repeatedly complained about her eyes to Ruiz and other hospital personnel and even visited the emergency room for her eye condition. The plaintiff was seen by an optometrist on the day of her delivery, and due to a lack of equipment, he gave her only a fingertip test to determine the pressure in her eyes, which, if high, would suggest glaucoma. The plaintiff delivered the baby vaginally and experienced a "whiteout," preventing her from seeing anything after the birth. Following her discharge, the plaintiff was diagnosed with glaucoma. Her condition never improved, and she was determined to be legally blind.
The plaintiff commenced this action against Ruiz and the defendant New York Health and Hospitals Corporation (hereinafter together the defendants), among others, alleging, inter alia, medical malpractice. After a trial, the jury returned a verdict in favor of the plaintiff, finding that the defendants deviated from accepted medical practice in their care of the plaintiff for her complaints of blurred vision and in providing staffing and equipment, and that these departures were a substantial cause of injury to the plaintiff. The jury awarded the plaintiff damages for past pain and [*2]suffering and future pain and suffering.
The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against them or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. In an order dated May 15, 2019, the Supreme Court, inter alia, denied those branches of the motion, and the defendants appeal.
A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see Bacon v Bostany, 104 AD3d 625, 627).
In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (see Mazella v Beals, 27 NY3d 694, 705; Hollingsworth v Mercy Med. Ctr., 161 AD3d 831, 832). "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Gaspard v Aronoff, 153 AD3d 795, 796; see Walsh v Akhund, 198 AD3d 1010, 1012). "A plaintiff's evidence of proximate cause may be found legally sufficient . . . as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury" (Goldberg v Horowitz, 73 AD3d 691, 694 [internal quotation marks omitted]; see Hilt v Carpentieri, 198 AD3d 625, 627).
Here, the plaintiff's evidence at trial was legally sufficient to establish departures from good and accepted standards of medical practice and that the departures were a proximate cause of her injuries. The plaintiff presented sufficient medical evidence from which a reasonable person could conclude that it was more probable than not that the defendants' departures were a substantial factor in causing her injuries. The jury could reasonably infer that the defendants' conduct, inter alia, in failing to appropriately diagnose the plaintiff's eye condition, failing to refer her to appropriate doctors, having inadequate staff and equipment, and delivering the baby vaginally rather than by cesarean section diminished the plaintiff's chance of a better outcome and increased her injuries.
Further, the jury verdict was not contrary to the weight of the evidence. A jury verdict may not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the moving party's favor that it "could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Abbene v Conetta, 198 AD3d 849, 850; Marmo v Terracciano, 153 AD3d 512, 513). The resolution of credibility issues by the jury, which had the opportunity to observe the witnesses, is entitled to deference (see Abbene v Conetta, 198 AD3d at 850; Aronov v Kanarek, 166 AD3d 574, 575; Cicola v County of Suffolk, 120 AD3d 1379, 1382). Further, where conflicting expert testimony is presented, "'the jury is entitled to accept one expert's opinion and reject that of another expert'" (Abbene v Conetta, 198 AD3d at 850, quoting Hollingsworth v Mercy Med. Ctr., 161 AD3d at 832). Here, the jury's findings that the defendants departed from good and accepted medical practice and that the departures were a substantial factor in causing injury to the plaintiff were based upon a fair interpretation of the evidence, and, thus, were not contrary to the weight of the evidence.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against them or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court