Grullon v Thoracic Surgical, P.C. (2022 NY Slip Op 05154)

Grullon v Thoracic Surgical, P.C.

2022 NY Slip Op 05154

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2018-02253
 (Index No. 31878/09)

[*1]Rakefet Grullon, respondent,
v
Thoracic Surgical, P.C., et al., appellants.

Keller, O'Reilly & Watson, P.C., Woodbury, NY (Kevin W. O'Reilly and Patrick J. Engle of counsel), for appellants.
Antin, Ehrlich & Epstein, LLP (Anthony V. Gentile, Scott W. Epstein, Law Office of Edward Bithorn, P.C., and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 11, 2017. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against them and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2009, the plaintiff was admitted to North Shore University Hospital. A CT scan revealed a large mass in the middle of her chest, and a biopsy of the mass confirmed a diagnosis of lymphoma. On April 10, 2009, a mediport was surgically implanted in the plaintiff's chest and connected by a catheter to her subclavian vein so that she could undergo chemotherapy treatment. On April 13, 2009, the mediport was accessed through a Huber needle by a registered chemotherapy-certified nurse, with the assistance of the defendant Eric R. Presser. For more than 30 minutes, pre-medication and chemotherapy medication were administered through the Huber needle, including Adriamycin, which can burn and damage surrounding tissue if it comes into contact with it. After the nurse began administering Adriamycin, the plaintiff complained of burning, at which time the administration of the medication was immediately discontinued. It was later determined that the Huber needle had become displaced at some point during the procedure, and Adriamycin was infused into the plaintiff's tissue surrounding the mediport, causing her injuries.
The plaintiff commenced this action against Presser and the defendant Thoracic Surgical, P.C., alleging medical malpractice. After trial, the jury returned a verdict in favor of the plaintiff, finding that Presser deviated from accepted medical practice by failing to send the plaintiff to interventional radiology once the mediport was accessed in order to confirm that the Huber needle was adequately positioned, and that this departure was a substantial cause of the injury to the plaintiff. The jury awarded the plaintiff damages for past pain and suffering.
The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. In an order entered December 11, 2017, the Supreme Court, among other things, denied those branches of the motion, and the defendants appeal.
A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see Velasquez v Ruiz, 203 AD3d 786).
In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (see Mazella v Beals, 27 NY3d 694, 705; Hollingsworth v Mercy Med. Ctr., 161 AD3d 831, 832). "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Gaspard v Aronoff, 153 AD3d 795, 796; see Walsh v Akhund, 198 AD3d 1010, 1012). "A plaintiff's evidence of proximate cause may be found legally sufficient . . . as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury" (Goldberg v Horowitz, 73 AD3d 691, 694 [internal quotation marks omitted]; see Hilt v Carpentieri, 198 AD3d 625, 627).
Here, the plaintiff's evidence at trial was legally sufficient to establish a departure from good and accepted standards of medical practice and that the departure was a proximate cause of her injuries. The plaintiff presented sufficient medical evidence from which a reasonable person could conclude that it was more probable than not that Presser's departure was a substantial factor in causing the plaintiff's injuries. The jury could reasonably infer that Presser's conduct in failing to send the plaintiff to interventional radiology once the mediport was accessed in order to confirm that the Huber needle was adequately positioned, under these circumstances, diminished the plaintiff's chance of a better outcome.
Further, the jury verdict was not contrary to the weight of the evidence. A jury verdict may not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the moving party's favor that it "could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Abbene v Conetta, 198 AD3d 849, 850). The resolution of credibility issues by the jury, which had the opportunity to observe the witnesses, is entitled to deference (see Abbene v Conetta, 198 AD3d at 850; Aronov v Kanarek, 166 AD3d 574, 575; Cicola v County of Suffolk, 120 AD3d 1379, 1382). Further, where conflicting expert testimony is presented, "'the jury is entitled to accept one expert's opinion and reject that of another expert'" (Abbene v Conetta, 198 AD3d at 850, quoting Hollingsworth v Mercy Med. Ctr., 161 AD3d at 832). Here, the jury's findings that Presser departed from good and accepted medical practice and that the departure was a substantial factor in causing injury to the plaintiff was based upon a fair interpretation of the evidence, and, thus, were not contrary to the weight of the evidence.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court