Clark v Dello Russo (2025 NY Slip Op 03038)

Clark v Dello Russo

2025 NY Slip Op 03038

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2020-06731
 (Index No. 52111/17)

[*1]Nicole Clark, respondent, 
v
Jeffrey S. Dello Russo, etc., defendant, Gregory J. Pamel, etc., et al., appellants.

Dopf, P.C., New York, NY (Martin B. Adams and Glenn W. Dopf of counsel), for appellants.
Law Offices of Francis X. Young, PLLC, White Plains, NY, for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Gregory J. Pamel and Gregory J. Pamel, M.D., P.C., appeal from a judgment of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated July 15, 2020. The judgment, upon an order of the same court dated May 5, 2020, denying those defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against the defendant Gregory J. Pamel and for judgment as a matter of law dismissing the complaint insofar as asserted against the defendants Gregory J. Pamel and Gregory J. Pamel, M.D., P.C., is in favor of the plaintiff and against the defendant Gregory J. Pamel in the principal sum of $790,000.
ORDERED that the judgment is reversed, on the law, with costs, the motion of the defendants Gregory J. Pamel and Gregory J. Pamel, M.D., P.C., pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff and against the defendant Gregory J. Pamel and for judgment as a matter of law dismissing the complaint insofar as asserted against the defendants Gregory J. Pamel and Gregory J. Pamel, M.D., P.C., is granted, the order dated May 5, 2020, is modified accordingly, and the complaint is dismissed insofar as asserted against the defendants Gregory J. Pamel and Gregory J. Pamel, M.D., P.C.
On September 9, 2014, the defendant Jeffrey S. Dello Russo, an ophthalmologist, performed LASIK eye surgery on the plaintiff. The plaintiff remained Dello Russo's patient until October 23, 2014.
On October 27, 2014, the plaintiff began treatment with the defendant Gregory J. Pamel for complications resulting from the surgery, including possible diffuse lamellar keratitis, a noninfectious condition that can cause inflammation of the cornea. On November 18, 2014, the plaintiff began seeing a third ophthalmologist (hereinafter the nonparty ophthalmologist), who took a culture from the plaintiff's right eye on that date. On December 1, 2014, the plaintiff was diagnosed with infectious keratitis. On December 5, 2014, the nonparty ophthalmologist prescribed antibiotics to the plaintiff that would fight the infection discovered as a result of the culture.
The plaintiff subsequently commenced this action against Pamel and the defendant [*2]Gregory J. Pamel, M.D., P.C. (hereinafter the professional corporation), among others, to recover damages for medical malpractice. After a trial, a jury found that Pamel departed from good and accepted standards of medical practice by failing to perform a culture on the plaintiff's right eye and that said departure was a substantial factor in causing the plaintiff's injuries. The jury awarded the plaintiff damages for past pain and suffering and future pain and suffering. Thereafter, Pamel and the professional corporation moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against them. In an order dated May 5, 2020, the Supreme Court denied the motion. The court then issued a judgment dated July 15, 2020, in favor of the plaintiff and against Pamel in the principal sum of $790,000. Pamel and the professional corporation appeal.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Velasquez v Ruiz, 203 AD3d 786, 788 [internal quotation marks omitted]; see Gaspard v Aronoff, 153 AD3d 795, 796).
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Pezulich v Grecco, 206 AD3d 827, 828). "Establishing proximate cause in medical malpractice cases requires a plaintiff to present sufficient medical evidence from which a reasonable person might conclude that it was more probable than not that the defendant's departure was a substantial factor in causing the plaintiff's injury" (Gaspard v Aronoff, 153 AD3d at 796; see Walsh v Akhund, 198 AD3d 1010, 1012). "A plaintiff's evidence of proximate cause may be found legally sufficient . . . as long as evidence is presented from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased [the] injury" (Goldberg v Horowitz, 73 AD3d 691, 694 [internal quotation marks omitted]; see Hilt v Carpentieri, 198 AD3d 625, 627).
Here, the Supreme Court erred in denying the motion to set aside the jury verdict and for judgment as a matter of law. Since the plaintiff's medical expert testified that Pamel's failure to perform a culture on the plaintiff's right eye was not a substantial factor in causing or contributing to the development of the plaintiff's eye complications, there was no evidence at trial from which the jury could have rationally concluded that Pamel's failure to perform said culture was a proximate cause of the plaintiff's injuries.
In light of the foregoing, we need not reach the remaining contention of Pamel and the professional corporation.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court